IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GORDIAN MEDICAL, INC. d/b/a<br>AMERICAN MEDICAL TECHNOLOGIES and<br>AMT ULTIMATE HOLDINGS, L.P.,<br><br>      Plaintiffs,<br><br>v.<br><br>MISTY VAUGHN,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 22-319-MN-SRF<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

At Wilmington this **13th** day of **April, 2023**, the court having considered non-party Curitec, LLC's ("Curitec") motion to quash the subpoena served on non-party Justworks Employment Group, LLC ("Justworks") (D.I. 59), and the associated briefing and filings (D.I. 60; D.I. 61; D.I. 63; D.I. 68), IT IS ORDERED that Curitec's motion is DENIED for the reasons set forth below:

**1.** **Background.** The court incorporates by reference the detailed factual background in its prior decisions, (D.I. 22; D.I. 45), and provides below only those facts most relevant to the pending motion to quash the subpoena.

**2.** This is a diversity action for breach of contract brought by Gordian Medical, Inc., American Medical Technologies, and AMT Ultimate Holdings, L.P. (collectively, "AMT") against Misty Vaughn ("Vaughn"). The complaint alleges that Vaughn breached her employment agreements by terminating her employment with AMT and joining AMT's competitor, Curitec. (D.I. 1-1 at ¶¶ 1, 32, 37, 38; Ex. A at § 9(b)-(c))

3. Curitec has a contract with Justworks, a cloud-based human resources contractor, for benefits, payroll, human resources, and compliance support. (D.I. 63, Ex. 1 at ¶ 2; Ex. A) On January 26, 2022, Vaughn executed a Worksite Employee Acknowledgment agreement with Justworks confirming her understanding that Curitec had a contractual relationship with Justworks to assist Curitec "with human resources related matters, such as payroll, workers' compensation insurance, and employee benefits, as agreed upon between Justworks and [Curitec]." (*Id.*, Ex. 1 at Ex. A at ¶ 1)

4. On November 22, 2022, AMT served a subpoena on Justworks seeking the production of "[a]ny and all documents in your possession, custody or control regarding: (1) Curitec, LLC's employment of Misty Vaughn; and (2) Any and all of the 'human resource related matters, such as payroll, workers' compensation insurance and employee benefits' referenced in paragraph 1 of the attached Worksite Employee Acknowledgement agreement signed by Misty Vaughn." (D.I. 48-1 at 5)

5. Curitec filed the pending motion to quash on December 6, 2022, the day before the deadline to respond to the subpoena expired. (D.I. 59; D.I. 48-1 at 2) Fact discovery closes on May 16, 2023. (D.I. 72 at 2)

6. **Legal Standard.** A non-party seeking protection from a subpoena may do so through "the overlapping and interrelated provisions of both Rules 26 and 45." *Mannington Mills, Inc. v. Armstrong World Indus.*, 206 F.R.D. 525, 529 (D. Del. 2002). Rule 45(d)(3)(B) of the Federal Rules of Civil Procedure provides that the court "may, on motion, quash or modify the subpoena if it requires . . . disclosing a trade secret or other confidential research, development, or commercial information[.]" Fed. R. Civ. P. 45(d)(3)(B)(i). However, trade secrets are not "absolutely privileged from discovery in litigation." *Coca-Cola Bottling Co. of*

*Shreveport, Inc. v. Coca-Cola Co.*, 107 F.R.D. 288, 292 (D. Del. 1985). Under Rule 45(d)(3), the district court has discretion over whether to quash or modify a subpoena. *See In re Bestwall LLC*, 47 F.4th 233, 242 (3d Cir. 2022).

7. **Analysis.** Curitec moves to quash the subpoena issued by AMT to non-party Justworks on two grounds: (1) the subpoena improperly seeks to obtain Curitec's trade secret information; and (2) the subpoena exceeds the scope of permissible discovery under the relevance and proportionality standard of Rule 26(b). (D.I. 60 at 5-8) In the alternative, Curitec moves for a protective order under Rule 26(c) and seeks a corresponding award of attorneys' fees. (*Id.* at 8-9) For the following reasons, Curitec's motion is DENIED.

8. *Motion to Quash.* Curitec objects to AMT's subpoena of Justworks because it would require the disclosure of Curitec's trade secret and confidential information. (D.I. 60 at 7-8) To prevail on the motion to quash, Curitec bears the burden to show that: (1) the information sought is a trade secret, and (2) disclosure of the information might be harmful. *See Taro Pharms. U.S.A., Inc. v. Perrigo Israel Pharms. Ltd.*, C.A. No. 14-989-RGA, 2015 WL 7737310, at *1 (D. Del. Dec. 1, 2015).

9. In support of its position that the subpoenaed documents are trade secrets, Curitec defines "trade secret" in accordance with a federal criminal statute, without explaining how that definition applies to a civil breach of contract action being litigated in federal court pursuant to diversity jurisdiction. (D.I. 60 at 7-8) (quoting 18 U.S.C. § 1839).[1] Curitec's argument is otherwise limited to the conclusory assertion that "Curitec's employee compensation packages are part of what makes it competitive and an industry leader in its field," and "Curitec derives significant economic value from such business and financial information, and it takes extensive

---

[1] Curitec repeats this error in the reply brief. (D.I. 68 at 7)

3

measures to ensure that such information remains secret." (D.I. 60 at 8) These conclusory allegations, which are not supported by a declaration or any supporting documents, do not satisfy Curitec's burden to show that the information sought is a trade secret or that disclosure of the secret might be harmful. *Cash Today of Texas, Inc. v. Greenberg*, C.A. No. 02-mc-77-GMS, 2002 WL 31414138, at *3 (D. Del. Oct. 23, 2002) ("It is not the court's role to fathom arguments on [the movant's] behalf, however, and 'blanket and generalized' assertions of confidentiality, absent allegations regarding specific harm, are not sufficient to sustain a motion to quash.").

10. The authority cited by Curitec does not support a different outcome. In *Peters v. University of Pittsburgh*, the Western District of Pennsylvania observed that "[e]mployee compensation *may* constitute confidential business information" in analyzing pending motions to seal or unseal documents. 2019 WL 109402, at *3 (W.D. Pa. Jan. 4, 2019) (emphasis added). The decision does not support a conclusion that employee compensation information amounts to a trade secret in all instances. The court granted a motion to unseal documents containing allegedly confidential compensation information because the defendant "supplie[d] no sworn statement or other evidence" to support allegations of serious injury or harm if the information were disclosed. *Id.* at *4. Here, Curitec has similarly failed to provide any evidence supporting a conclusion that Curitec would be harmed by the disclosure of the subpoenaed information.

11. In the reply brief, Curitec argues that a presumption of harm applies to the disclosure of the subpoenaed information due to the competitive relationship between AMT and Curitec.[2] (D.I. 68 at 3) In support of this "presumption," Curitec relies exclusively on the

---

[2] Curitec cites D.I. 59 at page 6 to suggest that AMT has ignored "Curitec's host of citations to federal statute and Third Circuit authority on point." (D.I. 68 at 5) Docket entry 59 is Curitec's 2-page motion. (D.I. 59) Even assuming Curitec intended to refer to its opening brief, a review of D.I. 60 at page 6 contains no citations to case authorities or statutes. (D.I. 60 at 6) The table of contents in Curitec's opening brief reveals that Curitec cited a total of five cases, only one of

4

Western District of Pennsylvania's unpublished decision in *Nova Chemical Inc. v. Steiner*, 2007 WL 9813317 (W.D. Pa. June 11, 2007), and accuses AMT of "present[ing] a misleading and woefully incomplete legal standard by choosing to omit this presumption from its representation of Curitec's burden as briefed in its Opposition." (*Id.*) AMT's failure to address a portion of an unpublished, non-binding decision from outside this district is not cause to suggest AMT seeks to mislead the court, and Curitec's "aspersions seem to exceed the bounds of legitimate advocacy" in this regard. *See Acceleration Bay LLC v. Activision Blizzard, Inc.*, C.A. No. 16-453-RGA, 2017 WL 9833512, at *1 n.2 (D. Del. June 23, 2017).

12. Moreover, the court's discussion of the applicable standard for disclosure of trade secrets in *Nova Chemical* is consistent with the legal standard applied herein. The *Nova Chemical* court affirmed that, "to resist discovery of a trade secret, a party must first demonstrate *by competent evidence* that the information sought through discovery is a trade secret and that disclosure of the secret might be harmful." 2007 WL 9813317, at *2 (emphasis added). Although the *Nova Chemical* court indicated that "disclosure to a competitor is presumed more harmful than disclosure to a non-competitor," nothing in the decision suggests that this negates the movant's burden to establish confidentiality and harm by competent evidence. *Id.* (citing *Coca-Cola Bottling Co.*, 107 F.R.D. at 293). Here, Curitec has offered no evidence to establish that the subpoenaed information is trade secret information.

---

which was a decision from the Third Circuit. (*Id.* at ii) The citation to the Third Circuit case is found in the section of the brief addressing Curitec's standing to bring the motion to quash under Rule 45, which is undisputed. (D.I. 60 at 5; *see* D.I. 63 at 7) On this record, the court is unable to ascertain the "host of citations" to which Curitec refers in arguing that it would be harmed by the disclosure of the subpoenaed information. Putting aside the lack of legal authority supporting Curitec's position, Curitec's reply brief fails to remedy the dearth of evidence showing that Curitec would experience harm from the disclosure under the facts of this specific case. *See Cash Today*, 2002 WL 31414138, at *3.

5

13. The burden does not shift to AMT to show that the subpoenaed information is relevant and necessary because Curitec has not satisfied its burden to show the trade secret nature of the subpoenaed information and the harm caused by disclosure. *See Taro Pharms.*, 2015 WL 7737310, at *1 ("If such a showing is made, the burden shifts to the party seeking discovery to show that the disclosure of the trade secret is both relevant and necessary.").

14. Even if the court were to find Curitec had satisfied its burden, AMT has established that the disclosure of the subpoenaed information is relevant and necessary to the case under Rule 45(c)(3). *See Taro Pharms.*, 2015 WL 7737310, at *2 ("The relevance requirement is drawn broadly."). The prayer for relief in AMT's complaint confirms that AMT seeks injunctive relief against Vaughn. (D.I. 1-1 at 21-22) To obtain injunctive relief, AMT must establish it will suffer irreparable harm if the injunction is not granted. *See Rigby v. Jennings*, --- F. Supp. 3d ----, C.A. No. 21-1523-MN, 2022 WL 4448220, at *4 (D. Del. Sept. 23, 2022) (explaining that the standard for both preliminary and permanent injunctions requires a showing of irreparable harm).

15. The complaint alleges that Vaughn agreed to the non-competition, non-solicitation, and confidentiality clauses in her Employment Agreement in recognition of the irreparable harm AMT could suffer if Vaughn provided similar services for a competitor after separating from AMT. (D.I. 1-1 at 10-12) According to the pleaded allegations, Vaughn's actions "threaten to cause Plaintiffs imminent, irreparable harm and injury, including without limitation, the loss of clients, profits, business reputation, market share, the disclosure and misuse of trade secret, confidential and/or proprietary business information, and loss of goodwill." (*Id.* at 19) Discovery on the nature of Vaughn's role at Curitec and its comparability to the role she held at AMT is relevant to these allegations because it is likely to show whether

Vaughn was in a position to use proprietary information learned at AMT for the benefit of Curitec.

16. Curitec also argues that the subpoena should be quashed because the requests are overbroad. (D.I. 60 at 6-7) In support of this argument, Curitec repeatedly refers to a discovery dispute between AMT and Vaughn regarding the scope of certain requests for production of documents. (*Id.*; D.I. 57) There, the court found that the requests for production were not limited in time or scope, or to the employees, customers, and/or business partners who are relevant to the claims in the case. (D.I. 57) Here, in contrast, the subpoena requests employment and compensation information specific to Vaughn during her employment by Curitec, which began on February 7, 2022—a little more than one year ago. (D.I. 1-1 at ¶ 61) The subpoena requests are therefore sufficiently limited in time and scope.[3]

17. ***Protective order***. In the event the court denies the motion to quash the subpoena, Curitec alternatively requests the entry of a protective order under Rule 26(c). (D.I. 60 at 8-9) AMT objects to Curitec's alternative request for relief on the grounds that Curitec lacks standing to seek a protective order for a subpoena issued to Justworks. (D.I. 63 at 6)

18. Rule 26(c) applies to "[a] party or any person from whom discovery is sought may move for a protective order[.]" Fed. R. Civ. P. 26(c)(1). Because Curitec is not a party to the action and is not the subject of the subpoena at issue, AMT argues that Curitec lacks standing to seek a protective order. (D.I. 63 at 6) Here, however, there is significant overlap between the information sought in AMT's subpoena to Justworks and its subpoena to Curitec. (*Compare* D.I. 61, Ex. 2 *with* D.I. 48-1 at 5) Moreover, there is no dispute that the information in Justworks'

---

[3] The document requests in the subpoena are limited on their face to information about Vaughn. (D.I. 48-1 at 5) AMT confirms it is seeking a narrow set of employment information related to Vaughn's brief employment by Curitec. (D.I. 63 at 9)

possession is maintained by Justworks on behalf of Curitec pursuant to the contractual agreement between Justworks and Curitec. (D.I. 63, Ex. 1 at Ex. A) AMT cites no authority holding that a non-party lacks standing to seek a protective order under comparable circumstances.

19.     Nonetheless, Curitec's alternative request for a protective order is denied-in-part because Curitec does not provide a form of order or otherwise describe the scope of protection sought. Instead, Curitec simply recites the text of Rule 26(c). (D.I. 60 at 8-9) Curitec fails to acknowledge the Protective Order which includes third-party discovery that has already been entered in this case. The Protective Order to which the parties stipulated provides:

> This Protective Order (hereinafter "Protective Order" or "Order") shall apply to all documents or other information produced in the course of discovery in this Action that the producing person or entity (the "Producing Entity") has designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (either a "Confidentiality Designation" or collectively the "Confidentiality Designations") pursuant to this Order, including but not limited to, all initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and all materials (including documents or testimony) produced by *non-parties in response to subpoenas issued in connection with this matter*, including all copies, excerpts, and summaries thereof (collectively the "Confidential Information").

(D.I. 42 at ¶ 1) The protective order expressly permits "any third party subpoenaed by one of the parties" to designate as Confidential or Attorneys' Eyes Only "any documents, testimony, written responses, or other materials produced in this case" if they contain personnel records, confidential personal information, or other forms of competitively sensitive commercial information. (*Id.* at ¶ 4) In the absence of any showing that these provisions are insufficient to protect Curitec's sensitive information, Curitec's alternative request for an undefined protective order is denied, but the court orders the production of the subpoenaed documents in issue subject to the existing Protective Order.

20. Having denied Curitec's motion to quash, the court also denies Curitec's request for attorneys' fees pursuant to Rule 37(a)(5).[4] (D.I. 60 at 9)

21. **Conclusion.** For the foregoing reasons, IT IS ORDERED that Curitec's motion to quash (D.I. 59) is DENIED.

22. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

23. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge

---

[4] For the first time in the reply brief, Curitec also suggests it is entitled to fees under Rule 45(d)(1). (D.I. 68 at 8-9) "A reply brief, however, is not the appropriate time to raise a new argument." *Cohen v. Cohen*, C.A. No. 19-1219-MN, 2022 WL 952842, at *4 (D. Del. Mar. 30, 2022).