IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GORDIAN MEDICAL, INC. d/b/a           )
AMERICAN MEDICAL TECHNOLOGIES and     )
AMT ULTIMATE HOLDINGS, L.P.,          )
                                      )
            Plaintiffs,               )
                                      )
      v.                              )      Civil Action No. 22-319-MN-SRF
                                      )
MISTY VAUGHN,                         )
                                      )
            Defendant.                )

**MEMORANDUM ORDER**

At Wilmington this **10th** day of **May, 2023**, the court having considered the motion of

Gordian Medical, Inc. and AMT Ultimate Holdings, L.P. (collectively, "Plaintiffs") to amend the

scheduling order for additional time to conduct fact discovery (D.I. 102), and the associated

briefing (D.I. 105; D.I. 106), IT IS ORDERED that Plaintiffs' motion is GRANTED-IN-PART

for the reasons set forth below:

1. **Background.**  The court incorporates by reference the detailed factual background in

its prior decisions, (D.I. 22; D.I. 45; D.I. 88), and provides below only those facts most relevant

to the pending motion to amend the case schedule.

2. The fact discovery deadline in this matter is currently set to expire on May 16, 2023.

(D.I. 72)  A pretrial conference is scheduled for June 20, 2023, and a two-day bench trial is

scheduled to begin on June 27, 2023.  (D.I. 29 at ¶¶ 13-14)

3. *Discovery sought from Defendant.*  Plaintiffs served written discovery requests on

defendant Misty Vaughn ("Vaughn" or "Defendant") on July 29, 2022.  (D.I. 36; D.I. 53, Ex. A)

Defendant served her responses and objections to Plaintiffs' written discovery requests on

September 19, 2022.  (D.I. 43)  Defendant produced no documents in response to many of the requests.  (D.I. 53, Exs. B-C)

4.  In November of 2022, Plaintiffs requested a discovery dispute teleconference to resolve the deficiencies in Defendant's responses to Plaintiffs' requests for production of documents.  (D.I. 50)  The focus of the parties' dispute was on the production of documents relating to Defendant's employment by Curitec, LLC ("Curitec").  (D.I. 53)  Plaintiffs explained that they had sought documents from both Defendant and Curitec, but Defendant claimed she was not permitted to produce documents belonging to Curitec, and Curitec claimed that it would not produce any documents because those documents should be obtained from Defendant.  (*Id.* at 1)  The court denied Plaintiffs' motion to compel without prejudice, setting specific deadlines for Plaintiffs to serve narrowed requests and for Defendant to respond to those requests.  (D.I. 57)

5.  Plaintiffs again requested a discovery dispute teleconference on March 17, 2023, seeking an order compelling Defendant to respond to the requests for production of documents.  (D.I. 77)  The court granted Plaintiffs' request for relief and entered an order compelling Defendant to respond to the requests for production on or before April 17, 2023.  (D.I. 83)  Plaintiffs represent that Defendant produced fourteen additional documents in response to the April 4 Oral Order compelling production.  (D.I. 102 at ¶ 18)

6.  ***Discovery sought from third parties.***  On July 27, 2022, Plaintiffs subpoenaed Curitec for documents pertaining to Defendant's employment.  (D.I. 34; D.I. 35)  Curitec refused to produce any documents in response to the subpoena and indicated that Plaintiffs should exhaust all avenues to obtain the documents from Defendant before pursuing efforts to obtain them from a third party such as Curitec.  (D.I. 102, Ex. 2)  Plaintiffs have not initiated enforcement proceedings against Curitec.  (*Id.* at ¶¶ 11-14)

2

7.   Curitec filed a Chapter 11 petition for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas on March 3, 2023. (D.I. 102 at ¶ 24; Bankr. S.D. Tex. Case No. 23-90108) The following month, Curitec terminated Defendant's access to information pertaining to her employment after the court entered the April 4 Oral Order compelling Defendant to produce documents responsive to Plaintiffs' discovery requests. (*Id.* at ¶ 23; D.I. 105 at 1-2) Curitec's termination of Defendant's access to documents is the subject of the parties' joint motion for a discovery dispute teleconference scheduled to go forward on May 31, 2023. (D.I. 93)

8.   On November 22, 2022, Plaintiffs served a subpoena for documents on Justworks Employment Group, LLC ("Justworks"), a cloud-based human resources contractor providing benefits, payroll, human resources, and compliance support for Curitec. (D.I. 48; D.I. 52; D.I. 88 at ¶ 3) The subpoena sought documents relating to Curitec's employment of Defendant, including payroll, workers' compensation insurance, and employee benefits information. (D.I. 48, Ex. A) Curitec moved to quash the Justworks subpoena, and the court denied the motion to quash in a Memorandum Order dated April 13, 2023. (D.I. 59; D.I. 88) Curitec filed objections to the Memorandum Order denying its motion to quash on April 27, 2023, nearly two months after petitioning for bankruptcy. (D.I. 98) The objections remain pending.

9.   ***Status of depositions.*** Certain noticed depositions have not yet been taken. Plaintiffs intend to depose Defendant, and Defendant seeks to take a 30(b)(6) deposition of each Plaintiff. (D.I. 90; D.I. 96; D.I. 100; D.I. 101) On April 13, 2023, Plaintiffs issued a subpoena to depose the non-party founders of Curitec, Nick Percival and Maria Percival. (D.I. 95)

10. **Legal standard.** Applications for amendments to the scheduling order are governed by Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and

3

with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Meda Pharm. Inc. v. Teva Pharm. USA, Inc.*, C.A. No. 15-785-LPS, 2016 WL 6693113, at *1 (D. Del. Nov. 14, 2016).

**11. Analysis.** Plaintiffs request an extension of at least 90 days for all remaining deadlines in the scheduling order to allow for the completion of document discovery and depositions. (D.I. 102) According to Plaintiffs, good cause exists for the requested extensions because Plaintiffs have diligently pursued document discovery and have been met with obstruction by Defendant and Curitec. (*Id.* at ¶¶ 30-34) Plaintiffs contend that the production of these documents should occur prior to Defendant's deposition to ensure that the deposition will be meaningful. (*Id.* at ¶ 35)

**12.** In response, Defendant argues that Plaintiffs cannot demonstrate good cause for the requested extension because the request is the result of Plaintiffs' ongoing delays in pursuing discovery from Curitec. (D.I. 105 at 1-3) Defendant maintains that the remaining document discovery sought by Plaintiffs is not in her possession. (*Id.* at 2) Defendant also takes issue with Plaintiffs' modifications of several deposition dates. (*Id.* at 5-8)

**13.** Plaintiffs have shown good cause to extend the fact discovery deadline beyond May 16, 2023. Since the scheduling order was entered nearly a year ago, Plaintiffs have diligently pursued three separate avenues to obtain documents relating to Defendant's employment by Curitec. First, Plaintiffs served document requests on Defendant and obtained a court order compelling Defendant to produce documents responsive to those requests. (D.I. 53, Ex. A; D.I. 83) Second, Plaintiffs subpoenaed Curitec for the documents. (D.I. 34) Third, Plaintiffs subpoenaed Justworks and prevailed in opposing Curitec's motion to quash the Justworks subpoena. (D.I. 48; D.I. 88)

**14.** However, Plaintiffs' request for a 90-day extension would disrupt the balance of the case schedule, resulting in the loss of the trial date and the corresponding uncertainty of when the trial date might be rescheduled. A 90-day extension is not required because the remaining fact discovery is limited in scope and can be completed by June 6, 2023, allowing the parties one week to digest the discovery before the proposed pretrial order is due. (D.I. 29 at ¶ 13)

**15.** Plaintiffs' efforts to obtain the remaining document discovery are well underway. Assuming the automatic stay bars Curitec from responding to the subpoena for documents in this matter,[1] Plaintiffs may obtain the requested documents from Defendant and/or Justworks, consistent with the court's orders compelling discovery and the obligations of Defendant and Justworks under Rules 37(b) and 45(g), respectively. (D.I. 83; D.I. 88)

**16.** The remaining noticed depositions can also be completed by June 6. The parties' communications confirm their mutual understanding that the depositions of Defendant and Plaintiffs' 30(b)(6) witnesses will be taken, and the only remaining hurdle is scheduling those depositions. (D.I. 105, Ex. A) By way of this Memorandum Order, the parties now have a clearly defined time frame within which to complete those depositions. Plaintiffs have also subpoenaed the depositions of Nick and Maria Percival for dates prior to June 6. (D.I. 95; D.I. 105, Ex. A)

**17.** Defendant faults Plaintiffs for failing to enforce the subpoena for documents against Curitec in the Southern District of Texas. (D.I. 105 at 3) But the record confirms that Curitec

---

[1] Curitec's termination of Defendant's access to documents and the filing of Curitec's objections to the court's Memorandum Order denying its motion to quash occurred after Curitec filed its bankruptcy petition. (D.I. 98; D.I. 105 at 1-2) Nothing in this Memorandum Order is meant to preclude Plaintiffs from timely seeking a determination from the Bankruptcy Court as to whether the automatic stay under 11 U.S.C. § 362 applies to a third party subpoena issued in a non-bankruptcy case or, alternatively, seeking relief from the automatic stay.

refused to produce responsive documents based on its position that those same documents were in Defendant's possession, and that Plaintiffs should first exhaust all efforts to obtain the documents from Defendant before imposing the burden of production on Curitec as a third party. (D.I. 102, Exs. 1-2)  On April 4, 2023, Plaintiffs successfully obtained a court order compelling Defendant to produce documents responsive to the requests.  (D.I. 83)  Both parties appear to agree that Curitec responded to the court's April 4 Oral Order by cutting off Defendant's access to documents responsive to Plaintiffs' document requests.  (D.I. 102 at ¶ 23; D.I. 105 at 1-2)  Nothing about this sequence of events supports Defendant's position that Plaintiffs' failure to obtain these documents earlier in the fact discovery period was the result of a lack of diligence on Plaintiffs' part.

18. Defendant also speculates that Plaintiffs' request for an extension of the scheduling order deadlines is "a stall tactic to help educate their potential Rule 30(b)(6) designee(s) with information they hope to obtain through other depositions of Defendant and Defendant's new employer."  (D.I. 105 at 5)  In support, Defendant cites Plaintiffs' efforts to reschedule certain depositions.  (*Id.* at 5-8)  But Plaintiffs' correspondence explains that difficulties regarding deposition logistics were "due solely to Ms. Vaughn's failure to produce documents that she was obligated to provide us."  (*Id.*, Ex. A at 1)  Defendant's position does not alter the court's good cause analysis.

19. **Conclusion.**  For the foregoing reasons, Plaintiffs' motion to amend the case schedule is GRANTED-IN-PART.  The fact discovery deadline is extended to **June 6, 2023** to allow the parties sufficient time to complete the production of documents and take the remaining noticed depositions.  Plaintiffs' motion is DENIED to the extent that it seeks an extension of the pretrial conference and trial dates.

6

**20.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**21.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: May 10, 2023

Sherry R. Fallon
United States Magistrate Judge