

|  |  |
|---|---|
| Andrew L. Cole<br>Member<br>Admitted in DE, FL, MD and VA<br><br>Reply to Delaware Office<br>Writer's Direct Line: 302.651.2011<br>Writer's Direct Fax: 302-652-3117<br>Writer's E-Mail: acole@coleschotz.com | 500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>302-652-3131   302-652-3117 fax<br>—<br>New Jersey<br>—<br>New York<br>—<br>Maryland<br>—<br>Texas<br>—<br>Florida |

The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building, 844 North King St.
Unit 14, Room 6100, Wilmington, DE 19801-3555

   Re: Gordian et al. v. Vaughn, Case No. 22-00319-MN-SRF

Dear Magistrate Judge Fallon:

We represent the Plaintiffs in the above-captioned matter and write regarding the failure of Defendant Misty Vaughn ("Vaughn" or "Defendant") to comply with this Court's April 4, 2023 Oral Discovery Order ("Oral Discovery Order").

Given Defendant's failure to produce responsive documents within her possession, custody, or control—despite and in direct violation of the Oral Discovery Order—Plaintiffs seek an Order under Rule 37(b) of the Federal Rules of Civil Procedure (the "Federal Rules")[1] directing that: **(1)** certain "designated facts be taken as established for purposes of the action" (*see* Fed. R. Civ. P. 37(b)(2)(A)(i))[2]; and (2) Vaughn be ordered to pay Plaintiffs' "reasonable expenses, including

---

[1] While the Court advised that Plaintiffs may seek relief "consistent with the [C]ourt's orders compelling discovery and the obligations of Defendant . . . under Rule[] 37(b)[,]" (D.I. 109), Plaintiffs are also mindful of the Court's Standing Order regarding discovery matters, which provides: "Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.  Discovery disputes regarding requests for sanctions pursuant to Fed. R. Civ. P. 37 shall not be filed in accordance with the discovery dispute procedures outlined above.  Instead, the parties shall address these issues in the form of a motion filed in accordance with the Local Rules."

Thus, Plaintiffs respectfully seek, in the alternative, the Court's express approval to file such a formal Rule 37(b) motion on an expedited briefing schedule.  However, for the sake of efficiency—and given the criticality of these matters as they pertain to Plaintiffs' ability to prosecute this case—Plaintiffs first and foremost ask the Court to provide them with their requested Rule 37(b) relief based upon this letter briefing alone, as this Court has permitted in other matters.  *See, e.g., Hawk Mountain LLC, et al. v. RAM Capital Group LLC, et al.*, D. Del. Case No. 1:13-cv-02083-RGA-SRF, D.I. No. 455.

[2] The proposed designated facts requested to be "taken as established for the purposes of this action" are set forth in the proposed form of order attached hereto as Exhibit 1.

attorney's fees, caused by [Vaughn's] failure" to comply with the Court's Oral Discovery Order (*see* Fed. R. Civ. P. 37(b)(2)(C)).[3]

## BACKGROUND

As the Court is aware, as set forth in the Court's May 10, 2023 Memorandum Order, "Plaintiffs have diligently pursued three avenues to obtain documents relating to Defendant's employment by Curitec[, LLC] ("Curitec")." (D.I. 109, p. 4). Relevant here, "Plaintiffs served document requests on Defendant and obtained a court order compelling Defendant to produce documents responsive to those requests." (*Id.  See also* Relevant Request for Production, attached hereto as Exhibits 2 and 3). Almost immediately, and directly in response to the Court's Oral Discovery Order, Curitec—who, despite previously representing to Plaintiffs that they must first obtain the very same documents directly from Vaughn—responded to the Court's directive by intentionally and deliberately "cutting off Defendant's access to documents responsive to Plaintiffs' document requests" (the "Obstructing Firewall"), presumably to shield such documents from discovery this matter. (D.I. 109, p. 6).

Thus, there is no dispute that there are documents responsive to Plaintiffs' requests for production—and subject to this Court's Oral Discovery Order—that, but-for the Obstructing Firewall, would have been produced by Vaughn (collectively the "Withheld Documents"). (*Id.*). To date, and despite working for Curitec since early 2022, Vaughn has produced a mere eleven (11) email exchanges from her Curitec account in discovery.

## LAW AND ARGUMENT

Federal Rule 37(b) provides in relevant part that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court where the action is pending may issue further just orders. [Such orders] may include . . . directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims[.]"  "The court has broad discretion regarding the type of sanctions imposed if the sanctions are just and are related to the claims at issue." *Hawk Mountain LLC v. Mirra*, 2016 WL 3176566, at *2 (D. Del. June 3, 2016).  Here, sanctions under Federal Rule 37(b)(2)(A)(i) and (b)(2)(C) are appropriate given Vaughn's failure to provide key documents in her possession, custody, or control, in direct violation of the Oral Discovery Order.[4]

**A.    Vaughn Was in "Possession" and/or "Custody" of Key Withheld Documents.**

Federal Rule 34 requires parties to produce documents within their "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1). "Federal courts have consistently held that documents are

---

[3] If this Court is not inclined to issue Plaintiffs relief under Federal Rule 37(b)(2)(A)(i), in the alternative, Plaintiffs respectfully request an Order directing that, by May 26, 2023, Vaughn produce all documents responsive to Plaintiffs' requests for production of documents—including any responsive documents that should have been produced but for Curitec's cutting off of Vaughn's access to Curitec's systems—subject to penalty of default judgment being rendered against Vaughn.

[4] Because the requested sanctions will not result in an immediate default judgment against Defendant, this Court need not consider the so-called "*Poulis* factors" in evaluating Plaintiffs' request for relief.  *Callwood v. Zurita*, 158 F.R.D. 359, 361, n.7 (D.V.I. 1994) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)) ("Because we do not enter default against defendants, we do not believe that *Poulis* balancing is required.").

The Honorable Sherry R. Fallon
Page 3

deemed to be within the 'possession, custody or control' of a party for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action." *Monroe's Est. v. Bottle Rock Power Corp.*, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004). A party may, of course, "be required to produce documents and things that [s]he possesses even though they belong to a third person who is not a party to the action." *Japan Halon Co. v. Great Lakes Chem. Corp.*, 155 F.R.D. 626, 628 (N.D. Ind. 1993) (quoting Wright & Miller). Importantly, "[t]he phrase 'possession, custody, or control' [under Federal Rule 34] is in the disjunctive and only one of the enumerated requirements need be met" for the responding party to have a duty to produce responsive documents. *Cumis Ins. Soc., Inc. v. S.-Coast Bank*, 610 F. Supp. 193, 196 (N.D. Ind. 1985). Critical for this Court's analysis, "possession, custody and control under Federal Rule 34 is measured *at the time the party receives a discovery request*, not at the time the party decides to respond." *Maria Del Socorro Quintero Perez, CY v. United States*, 2016 WL 705904, at *3 (S.D. Cal. Feb. 23, 2016) (emphasis added).

Here, on April 4, 2023—the day this Court ordered production of responsive documents—Vaughn either was, or previously had been, in "possession" and/or "custody" of certain key Withheld Documents. For the sake of brevity, below are two of the more egregious examples:

- Plaintiffs' RFP No. 1[5] asked Defendant to produce: "All documents reflecting or concerning any presentations [Vaughn has] made or given to any Curitec employee or agent at any Curitec corporate sales retreat or sales-related meeting." (D.I. 80-7, p. 2). This document request sought documents that go to the heart of this case—namely, the nature and extent to which Defendant is assisting Curitec in unfairly competing with AMT. Defendant's initial response and objection to this specific request evidences that there are documents she *personally created* that fit this category, but that she has never produced. As Defendant admitted: "Any education or training materials that Defendant has created during her employment with Curitec were created from scratch by her[.]" (D.I. 99-5, pp. 1-3 (emphasis added)).

  In January 2022, Curitec itself also published a post on its public LinkedIn page prominently showing Vaughn presenting at its "annual corporate sales retreat" where Curitec employees "share best practices with each other to better serve [its] facilities and residents." (*See* Exhibit 4, Curitec LinkedIn Post; Exhibit 5, Zoomed-In Version). The post includes a presentation slide prominently displayed directly behind Vaughn. (*See* Exs. 4-5). Such slides, or any education or training materials Vaughn "created by scratch," from January 2022 were obviously in her "possession" and/or "custody."

- Plaintiffs' RFP No. 16 asked Defendant to produce: "Written communications from January 1, 2022 to the present, including e-mails and text messages, between you and any person or entity that was a . . . vendor . . . of AMT within the two years leading up to January 12, 2022, who has also been a Curitec, LLC . . . vendor (former, current, or prospective) from January 1, 2022 to the present." (D.I. 80-1, p. 7).

  To reiterate: To date, Defendant has produced a mere eleven (11) email exchanges from her Curitec email account. Based on emails inadvertently sent to Vaughn's former AMT email account (rather than her new Curitec email account), it is clear that Vaughn has communicated

---

[5] As a reminder, as to the Holdings RFPs, Defendant did not even bother to respond to them until well after her deadline to do so, and thus, waived any and all objections to the Holdings RFPs.

The Honorable Sherry R. Fallon
Page 4

via email with multiple such vendors, including ConvaTec. (*See, e.g.,* Exemplar Vendor Emails, attached hereto as Exhibit 6). However, despite specifically identifying ConvaTec early in discovery, Defendant never produced any such emails with ConvaTec, even though such emails obviously exist (or existed). Again, such emails were certainly in Vaughn's "possession" and/or "custody." In fact, Vaughn had no problem selectively producing a handful of emails from the very same email account she believes are helpful to the defense of her case. However, such responsive vendor emails (and, in all likelihood, many such others) that are unhelpful to her case were selectively never produced.

**B.      Vaughn Was (and Remains) in "Control" of All of the Withheld Documents.**

In addition to having possession and/or custody, Vaughn also was (and remains) in "control" of the Withheld Documents. In the context of Federal Rule 34(a), "so long as the [responding] party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control." *Mercy Cath. Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004). Applying this language, courts within the Third Circuit apply a broad and expansive definition of "control." Indeed, "'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Calhoun v. Invention Submission Corp.*, 2021 WL 640759, at *2 (W.D. Pa. Jan. 13, 2021) (citing *Mercy Catholic*, 380 F.3d at 160).

There is no dispute that Defendant—who was and remains the Executive Vice President of Clinical Services for Curitec—was in "control" of the Withheld Documents at the time of the Oral Discovery Order. Indeed, until that point in time, she almost certainly had the "practical ability to obtain the documents." Moreover, Curitec expressly represented to Plaintiffs that Vaughn had virtually all responsive documents in her possession, custody, or control.

In addition, as a senior executive of Curitec (who, incidentally, also has a vested interest in defeating Plaintiffs' claims), Vaughn remains, at this moment, in "control" of the Withheld Documents, as "[a] party's control over third-party documents [also] extends to the records of a corporation for which the party serves as an officer." *Wiwa v. Royal Dutch Petroleum Co.*, 2009 WL 529224, at *2 (S.D.N.Y. Feb. 17, 2009); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 181–82 (S.D.N.Y. 2006) (officer's resignation did not excuse fact that requests were pending for over a year prior to his resignation).

## CONLCUSION

This matter is simple and straightforward. Defendant did not produce all responsive documents within her possession, custody, or control, despite the Court's Oral Discovery Order. Accordingly, Plaintiffs respectfully request that the Court grant the relief requested in the proposed order attached hereto as Exhibit 1.

Respectfully,

*/s/ Andrew L. Cole*

Andrew. L. Cole (No. 5712)