

500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
302-652-3131   302-652-3117  fax
—
New Jersey
—
New York
—
Maryland
—
Texas
—
Florida

Andrew L. Cole
Member
Admitted in DE, FL, MD and VA

Reply to Delaware Office
Writer's Direct Line: 302.651.2011
Writer's Direct Fax: 302-652-3117
Writer's E-Mail: acole@coleschotz.com

May 25, 2023

**VIA ECF AND HAND DELIVERY**

The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building, 844 North King St., Unit 14, Room 6100
Wilmington, DE 19801-3555

Re:   *Gordian Medical, Inc. et al. v. Vaughn* – Case No. 22-00319-MN-SRF

Dear Magistrate Judge Fallon:

This case centers on the question of whether Defendant Vaughn's employment by Curitec, LLC ("Curitec") violates her agreements with Plaintiffs. Defendant's discovery requests are a fishing expedition into Plaintiffs' respective corporate structures, finances, taxes, and personnel records, none of which are relevant to this dispute. Additionally, many of the asserted deficiencies are manufactured to falsely suggest that Plaintiffs have not been forthcoming in discovery.[1]

**Defendant's First Set of Interrogatories and Requests for Production to AMT**

**RFP 2:**  It is not clear what Defendant's issue with this response is. AMT produced the contents of Defendant's personnel file. (*See* AMT RFP Responses, attached as Exhibit 1).

**RFP 3:**  AMT produced the contents of Defendant's personnel file and her employment agreements. Plaintiffs objected on overbreadth and undue burden grounds, as not every single document "relating to *any* terms and conditions of [Defendant's] employment *at any time* . . . during her [20-year tenure] of employment" is relevant or proportional to this action (*See* Ex. 1).

**RFP 5:**  Plaintiffs lodged proper overbreadth, undue burden, and relevance objections to this request, which seeks "*any and all documents* . . . relating to *any meeting of any Plaintiffs' board of directors* from January 1, 2021 to the present." "[A]ny and all documents" relating to these meetings is well beyond the scope of this case and the bounds of proportionality.

**RFP 6:**  It is not clear what Defendant's issue with this response is. Plaintiffs produced responsive documents within their possession, custody, or control.

---

[1] Several of Defendant's statements are hyperbole, at best, or misstatements of fact, at worst. For example, Plaintiffs clearly did not provide "nothing in response" to all of Defendant's identified AMT RFPs or "no substantive answer" to all of Defendant's identified AMT ROGs.



Page 2

**RFP 7:** The meeting minutes of Plaintiffs' boards of directors are well beyond the scope of this case, as well as the bounds of proportionality.

**RFP 8:** It is unclear what Defendant's issue is with Plaintiffs' response to this RFP. Plaintiffs have directed Defendant to documents reflecting the "transfer" of her shares (i.e., her agreements themselves).

**RFP 12:** This request asks Plaintiff to "[p]roduce "any and all documents relating to [AMT]'s payment of unemployment taxes to the State of Delaware for 2020, 2021, or 2022." AMT's payment of unemployment taxes has nothing to do with this case.

**RFP 14:** *See* Plaintiffs' discussion as to Holdings ROGs 23-24 and RFPs 26-27, below.

**RPF 15:** This request seeks "any and all documents relating to the terms and conditions of [AMT]'s employment of Steven McLaughlin as CEO." The terms of employment for AMT's CEO have no bearing on the claims or defenses in this case.

**RFP 16:** AMT properly lodged overbreadth and undue burden objections to this request, which would necessarily require AMT to ask each and every one of its employees whether it has any recordings or voicemails of Defendant.

**RFP 17:** This request is a transparent fishing expedition, geared towards another former AMT employee, Teresa Zaret. In short, the circumstances of another employee's departure from AMT have nothing to do with the claims or defenses in this case.

**RFP 20:** This request asks for the production of "*any and all documents relating to any communication with any customer or client of [AMT's]* that mentions or discusses [Defendant] by name or job title, from January 1, 2022 to the present." This request is overbroad and unduly burdensome, and such documents have absolutely no bearing on this straightforward and simple breach of contract case, nor are they in any way proportional to the needs of this case.

**RFPs 21-22:** These requests are objectionable for the same reasons articulated above in response to RFP 20.

**RFP 24:** RFP 24 is a textbook "catchall" request for production, to which Plaintiffs lodged appropriate objections—particularly as they relate to any purported obligation to produce every single document "relating *in any way to Defendant or her employment* with" AMT—but nonetheless also responded by producing responsive documents.

**ROG 9:** This interrogatory, as narrowed by agreement, seeks the identity of those customers lost by AMT to Curitec, LLC. Plaintiffs have agreed to supplement their response to this interrogatory upon the receipt of fulsome discovery from Defendant, which is necessary to craft a response.

**ROG 10:** Plaintiffs have fully responded to this interrogatory (*See* Supplemental ROG Answers, attached as Exhibit 2).

**ROG 11:** Plaintiffs properly objected to this interrogatory as overbroad, unduly burdensome, and seeking information that is neither relevant nor proportional to the needs of this case. This interrogatory seeks the identity, and a description in "complete detail," of all "confidential or proprietary information or trade secrets" that Defendant ever had access to over her decades-long career with AMT. Compiling such a list is not feasible, and the burden of responding to this interrogatory as framed is not proportional to the needs of the case.

**Error! Unknown document property name.**

COLE SCHOTZ P.C.

Page 3

**ROG 12:** Plaintiffs cannot respond fully to this interrogatory as the information necessary to respond is in the Defendant's exclusive possession. Plaintiffs will supplement their response promptly upon receipt of the necessary information from the Defendant.

**ROG 13:** Plaintiffs have responded to this interrogatory (*See* Exhibit 2) but will supplement it to provide specifics as to the general time periods of when such steps were implemented.

**ROG 18:** Plaintiffs have fully responded to this interrogatory (*See* Exhibit 2).

**ROG 21:** Singular interrogatories that ask for a party to explain each "denial" in requests for admission necessarily are their own discrete interrogatories, and thus, ROG 21 exceeds the twenty-five (25) interrogatories Defendant may interpose without leave. *Constr. Sys., Inc. v. Gen. Cas. Co. of Wis.*, No. 9-3697, 2011 WL 13312221, at *3 (D. Minn. Apr. 22, 2011) (collecting cases and noting "[n]umerous jurisdictions are in agreement" that "an interrogatory that asks for the factual and documentary bases for the denial of each [request for admission] constitutes . . . multiple interrogatories.").

### Defendant's Second Set of Interrogatories and Requests for Production to AMT

**ROGs 23-24** and **RFPs 26-27**: These discovery requests seek patently irrelevant information, specifically, information regarding aspects of AMT's corporate registration in the State of Delaware. Defendant believes (incorrectly) she has a procedural defense to AMT's ability to maintain this action based on 8 *Del. C.* § 383(a), which provides: "A foreign corporation *which is required to comply with §§ 371 and 372* of this title and which has done business in this State without authority shall not maintain any action or special proceeding in this State[.]" (emphasis added).

As Plaintiffs advised during their meet and confer efforts, foreign corporations are not required to comply with §§ 371 and 372 if they fall into the "salesperson exception" in 8 *Del. C.* § 383(a)(2). Because AMT always fell (and continues to fall) within this exception, Defendant has no § 383(a) defense, so these requests necessarily seek irrelevant and documents and information.

**RFP 28:** As Plaintiffs' counsel advised Defendant's counsel, "subject to and without waiving its prior objections or response, Defendant never made any allegations of "unlawful or unethical conduct or potential Medicare fraud," so there are no such documents." (*See* Exhibit 3, 3/29/23 Meet-and-Confer Email).

**RFP 29:** Defendant produced a copy of its "Amended and Restated Articles filed with the Nevada Secretary of State's Office" on March 29, 2023. (*See* Exhibit 3).

### Defendant's First Set of Interrogatories and Requests for Production to Holdings

**RFP 2:** This request asks Holdings to "[p]roduce a copy of Plaintiff AMT Holdings Limited Partnership Agreement, including any revisions, amendments, addenda, riders, or attachments at any time from the date of the limited partnership's creation until the present." Such documentation is simply not germane to any aspect of this case, which concerns whether and to what extent Defendant breached her agreements with Plaintiffs.

**RFP 3:** This request asks Plaintiff to produce "any document relating to any calculation of the fair market value of any partnership interests of Plaintiff AMT Holdings at any time from the date of its formation or creation through the present." Plaintiff forfeited her interests upon her resignation

**Error! Unknown document property name.**

COLE SCHOTZ P.C.

Page 4

(at which time no valuation had occurred), so any subsequent valuation of other people's interests is simply not relevant to this case.

**RFP 4:** It is not clear what Defendant's issue is with this response. Plaintiffs have referred Defendant to documents reflecting the "transfer" of her shares (i.e. her agreements themselves), which Plaintiffs produced.

**RFP 5:** This request asks Plaintiff to "[p]roduce any and all state and federal income tax returns for Plaintiff AMT Holdings for tax years 2020, 2021, and 2022." As Plaintiffs objected, Holdings' "state and federal income tax returns" have absolutely no bearing on this case whatsoever, particularly because Plaintiffs have not made their income an issue.

**RFP 6:** This request is overbroad and a transparent fishing expedition. It asks for the production of all quarterly and annual financial statements for Holdings for 2020, 2021, and 2022, including balance sheets, income statements (or P & L statement), and cash flow statements. These sensitive financial documents have no bearing on Plaintiffs' claims or Defendant's defenses.

**ROGS 1-2:** Plaintiffs' objections fairly explained why the interrogatories were difficult if not impossible to answer based on the term "fair market value" *as of the dates identified in the calls of the interrogatories*. Because AMT is a private company, there is no conventional "market" for the incentive units. Furthermore, incentive units are not valued until there is a triggering event relevant to those units, and no such triggering event had ever occurred as of either July 31, 2021 or the date of Defendant's resignation in early 2022.

**ROG 3:** Plaintiffs objected to this interrogatory on the grounds that it seeks the disclosure of private and confidential tax information for individuals who are not parties to this lawsuit. It is not clear why the disclosure of private and confidential tax information of individual third parties would be relevant to this case.

**ROG 8:** This interrogatory is extremely overbroad. It asks Plaintiff to "[i]dentify any and all individuals, corporations, or other entities who have held any type of ownership, equity, or limited partnership interests in Plaintiff AMT Holdings at any time from the date of the limited partnership's creation until the present. For each such individual, corporation, or other entity, state the class and number of units or percentage of ownership, equity, or limited partnership interests held, the corresponding dates owned or issued, the original purchase price for such interests, and, if any interests have been sold, forfeited, or repurchased, the value of such units upon sale, forfeiture, or repurchase." The ownership of Holdings is irrelevant to this case.

**ROG 9:** This interrogatory is overbroad. As Plaintiffs stated, it is not reasonable to expect Plaintiffs to enumerate, in complete detail, every single piece of confidential information ever provided to Plaintiff. This could be hundreds if not thousands of items.

**ROG 10:** The identity of "all officers, directors, or managing partners of Plaintiff AMT Holdings from the date of its formation to the present" is simply not germane to any aspect of this case.

Respectfully,

*/s/ Andrew L. Cole*

Andrew L. Cole (No. 5712)

ALC:alc

**Error! Unknown document property name.**