

500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
302-652-3131   302-652-3117  fax

New Jersey

New York

Maryland

Texas

Florida

Andrew L. Cole
Member
Admitted in DE, FL, MD and VA

Reply to Delaware Office
Writer's Direct Line: 302.651.2011
Writer's Direct Fax: 302-652-3117
Writer's E-Mail: acole@coleschotz.com

January 9, 2024

**Via CM/ECF Filing**
**and Hand Delivery**

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801-3555

      Re:    Gordian Medical, Inc. d/b/a American Medical Technologies, et al.
               v. Misty Vaughn, et al.
               C.A. No.:  1:22-cv-00319-MN-SRF

Dear Judge Noreika:

On January 2, 2024, Defendant Misty Vaughn filed a "Notice of Supplemental Authority" asserting that newly enacted provisions of § 16600.5 of the California Business and Professions Code (the "Statute") bear on the claims and defenses in this case.  Defendant's assertion is false.  The newly enacted aspects of the Statute cited by Defendant have no bearing on or relevance to the present action, either generally, or with respect to the parties' contracts specifically, because Delaware substantive law alone governs.

Defendant's Notice of Supplemental Authority asserts that a California choice of law clause in a "2019 Executive Employment Agreement that Ms. Vaughn signed with AMT prior to the company's purchase by private equity firms" means that California law applies to the present dispute.  What Defendant omits is that Plaintiffs' action is based on breaches of restrictive covenants contained in two 2021 agreements, Ms. Vaughn's 2021 Employment Agreement and her 2021 Incentive Unit Grant Agreement.  Each of these agreements provides that Delaware, not California, law applies.

In a diversity case such as this, courts must "look to the choice-of-law rules of the forum state—the state in which the District Court sits—in order to decide which body of substantive law to apply to a contract provision, even where the contract contains a choice-of-law clause." *Collins on behalf of herself v. Mary Kay, Inc.*, 874 F.3d 176, 183 (3d Cir. 2017); *see also Sanders v. Phoenix Ins. Co.*, 843 F.3d 37, 47 (1st Cir. 2016) ("As federal judges sitting in diversity jurisdiction, though, we are not free to pick and choose which state's jurisprudence is the most sound.  Rather, we are duty-bound to accept controlling state law where it can be discerned.").



The Honorable Maryellen Noreika
January 9, 2024
Page 2

Delaware follows the Restatement (Second) of Conflict of Laws when determining which state's law governs a contract. *Certain Underwriters at Lloyds, London v. Chemtura Corp.*, 160 A.3d 457, 464 (Del. 2017).

Section 187 of the Restatement provides that where, as here, the parties to a contract have selected the law of a particular jurisdiction to govern their agreement, then "[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied," unless either:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue **and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties**.

*Focus Fin. Partners, LLC v. Holsopple*, 241 A.3d 784, 803-04 (Del. Ch. 2020) (citing Restatement (Second) of Conflict of Laws § 187 (emphasis added)).

Here, the first exception does not apply because Plaintiff AMT Ultimate Holdings, L.P. ("Holdings")—a party to both contracts at issue—is a Delaware limited partnership, and thus, there was and remains a reasonable basis for the parties' choice of Delaware law. *See Coface Collections N. Am. Inc. v. Newton*, 430 F. App'x 162, 167 (3d Cir. 2011) (incorporation in Delaware by one of the contracting parties is sufficient to satisfy "reasonable basis requirement"); *Ciena Corp. v. Jarrard*, 203 F.3d 312, 324 (4th Cir. 2000) (reasonable for [plaintiff-employer] to select the law of Delaware to govern its contractual relationships because it is organized under the laws of Delaware and continues to maintain its charter under those laws); *see also Advanced Reimbursement Mgmt., LLC v. Plaisance*, 2019 WL 2502931, at *5 (D. Del. June 17, 2019) (J. Noreika) (conducting Section 187 analysis) (internal citations and quotations omitted) ("The Third Circuit has held that Delaware has a substantial relationship to a transaction when it is the location where one of the transacting parties is incorporated. Plaintiff is a Delaware limited liability company and is organized under the laws of Delaware, thus creating a substantial relationship with Delaware. Moreover, the existence of a choice-of-law clause establishes a material relationship between the chosen state and the transaction.").

The second Section 187 exception also does not apply because California is not "the state of the applicable law in the absence of an effective choice of law by the parties." To assess the identity of this "in-the-absence state," the Court must examine "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." Restatement (Second) of Conflict of Laws § 188. Here, no factors touch on California:



The Honorable Maryellen Noreika
January 9, 2024
Page 3

1. As to the place of contracting:

   a. The Employment Agreement appears to have been signed:

      1. by Defendant remotely in South Carolina;

      2. by AMT remotely in New York; and

      3. by Holdings remotely in New York.

   b. The Incentive Unit Grant Agreement appears to have been signed:

      1. by Defendant in wet ink in South Carolina;

      2. by AMT in wet ink in New York; and

      3. by Holdings in wet ink in New York.

2. As to the place of negotiation of the contracts, there was no one place of negotiating the Agreements, with negotiation conducted virtually between participants in Ohio, South Carolina, and New York; however, no aspects of the Agreements were negotiated from California.

3. As to the place of performance of the contracts, the Agreements were to be performed primarily in South Carolina, where Defendant lived and generally worked remotely.

4. As to the location of the subject matter of the contracts, Defendant resided in South Carolina during her employment with AMT, where she generally worked remotely.

5. As to the domicile, residence, nationality, place of incorporation, and place of business of the parties:

   a. Defendant is a citizen and resident of South Carolina;

   b. AMT is a Nevada corporation with its principal place of business—which has moved since the conclusion of trial—in Metairie, Louisiana.

   c. Holdings is a Delaware limited partnership with its principal place of business in Metairie, Louisiana.

Because California has no connection to the agreements, California is not the state of the applicable law absent the parties' effective choice.  Accordingly, Delaware law continues to apply to this action, and California law—including the newly-enacted aspects of the Statute cited by Defendant—has no application to this action.  *See Sycamore Partners Mgmt., L.P. v. Endurance Am. Ins. Co.*, 2021 WL 761639, at *9 (Del. Super. Ct. Feb. 26, 2021) ("Failure to satisfy the default-state element is enough to end the analysis under Restatement § 187(2)(b)").



The Honorable Maryellen Noreika
January 9, 2024
Page 4

      Putting the above analysis aside, Delaware, and not California law, should be applied for several reasons.  First, Defendant had every opportunity to argue that California law applied earlier in this case yet chose not to do so.  Indeed, by Defendant's own admission, "Section 16600 of the California Business & Professions Code . . . has been the law of California since 1941[.]"  (D.I. 135, p.1).  At the trial in June 2023, all parties appeared to agree that Delaware law applied to the parties' dispute and made no reference to California law.  For example, in the parties' Stipulated Pretrial Order, Defendant repeatedly relies on Delaware law and substantive defenses, not California law or substantive defenses.  (*See, e.g.*, D.I. 123, pp. 13-14).

      Second, Defendant's newfound reliance on California law is belied by the fact that she previously (and unsuccessfully) filed a preemptive declaratory action in the United States District Court for the District of South Carolina, specifically seeking to establish "that the Employment Agreement is governed by the laws of the State of South Carolina, notwithstanding the choice of law provision in the Agreement purported to incorporate the law of the State of Delaware."  (*See Vaughn v. Gordian Medical, Inc.*, United States District Court for the District of South Carolina, 6:22-cv-00675-DCC, Complaint, D.I. 1, p. 9).  After transfer of that action to this Court, Defendant again attempted to invoke both Delaware law and South Carolina law (but not California law).  (*See, e.g.*, Answer, D.I. 56, p. 22 ("Plaintiffs' Complaint is barred, in whole or in part, because the restrictive covenants are violative of the public policy of the State of South Carolina or the State of Delaware[.]")).  Plaintiff's prior declaratory action and pleadings are a tacit recognition that California law does not apply to this case.

      For the foregoing reasons, Plaintiffs respectfully submit that briefing on the Statute is unnecessary and respectfully request that the Court enter judgment in their favor.

                                        Respectfully submitted,

                                        Andrew L. Cole (No. 5712)

ALC:mev
cc:    All Counsel of Record (Via CM/ECF Filing)