# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GORDIAN MEDICAL, INC. d/b/a AMERICAN MEDICAL TECHNOLOGIES and AMT ULTIMATE HOLDINGS, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> MISTY VAUGHN, <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : Case No. 1:22-cv-00319-MN-SRF <br> : <br> : <br> : <br> : <br> : |

## **JUDGMENT**

For the reasons set forth in the Court's Memorandum Opinion and Order dated March 30, 2024 (D.I. 139 & 140);

IT IS HEREBY ORDERED AND ADJUDGED this ___ day of April 2024, that:

1. Judgment is entered in favor of Defendant Vaughn as to Count I of the Complaint (D.I. 1), Breach of Contract.

2. With respect to Count 1 of Defendant Vaughn's Counterclaim (D.I. 56), seeking a declaration of the rights and responsibilities of the parties to the Employment Agreement and Incentive Grant Agreement, the judgment of the Court is as follows:

    a. Except as otherwise set forth herein, the Court declares that the Employment Agreement and the Equity Agreement are binding and enforceable contracts.

    b. The Court declares that the Non-Competition provisions of the Employment Agreement (Section 9(b)) and the Equity Agreement (Annex A, Section 2) are not enforceable against Defendant Vaughn.

c. The Court declares that the Non-Solicitation provisions of the Employment Agreement (Section 9(c)) and the Equity Agreement (Annex A, Section 3) are enforceable against Defendant Vaughn.

d. The Court declares that the Confidentiality provisions of the Employment Agreement (Section 9(a)) and the Equity Agreement (Annex A, Section 1) are enforceable against Defendant Vaughn.

IT IS FURTHER ORDERED, that the deadline for any party to move for attorneys' fees, costs, and post-judgment interest thereon shall be the time period prescribed by Rule 54 of the Federal Rules of Civil Procedure and Local Civil Rule 54.1, D. Del.

The Honorable Maryellen Noreika
United States District Judge