IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GORDIAN MEDICAL, INC. d/b/a<br>AMERICAN MEDICAL TECHNOLOGIES<br>and AMT ULTIMATE HOLDINGS, L.P.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MISTY VAUGHN,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 22-319 (MN)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Andrew L. Cole, Stacy L. Newman, Jack M. Dougherty, COLE SCHOTZ P.C., Wilmington, DE; Ryan J. Morley, John W. Hofstetter, LITTLER MENDELSON, P.C., Cleveland, OH – Attorneys for Plaintiffs

Daniel C. Herr, LAW OFFICE OF DANIEL C. HERR, LLC, Wilmington, DE; David E. Rothstein, ROTHSTEIN LAW FIRM, PA, Greenville, SC – Attorneys for Defendant

December 19, 2024
Wilmington, Delaware



**NOREIKA, U.S. DISTRICT JUDGE**

Presently before the Court is Defendant Misty Vaughn's Motion for Attorneys' Fees, Costs, and Post Judgment Interest. (D.I. 143). For the reasons set forth below, the Court DENIES Defendant's motion.

I.  **BACKGROUND**

Defendant Misty Vaughn ("Vaughn" or "Defendant") began work for Plaintiff American Medical Technologies ("AMT") in December 2001. (D.I. 139 at 4). In 2021, AMT and Vaughn entered into an Employment Agreement and an Equity Agreement that contained nearly identical covenants regarding non-competition, confidentiality, and non-solicitation. (D.I. 139 at 4-12). In early 2022, Vaughn left AMT for another employer, Curitec, LLC ("Curitec"). (D.I. 139 at 12).

AMT and its parent AMT Ultimate Holdings, L.P., (collectively, "Plaintiffs") sued Vaughn for breach of contract, alleging that her move to Curitec and actions she took there violated the non-competition, confidentiality, and non-solicitation covenants. (D.I. 1-1 at 19-20; D.I. 123 at 7-8).[1] The Court conducted a two-day bench trial in June 2023, (*See* D.I. 137, 138 ("Tr.")), and issued a Memorandum Opinion and Findings of Fact on March 30, 2024. (D.I. 139). The Court found that: (1) the Employment Agreement and Equity Agreement[2] ("the Agreement") are binding contracts; (2) that their non-competition covenants are unenforceable; and (3) that their confidentiality and non-solicitation covenants are enforceable but had not been breached by Vaughn. (D.I. 139 at 2-3). The Court then entered judgment in favor of Vaughn. (D.I. 142).

---

[1]  Plaintiffs initially sued Curitec as well, alleging tortious interference with contract. (D.I. 1-1 at 20-23). That count was dismissed for lack of personal jurisdiction. (D.I. 139 at 2 n.1).

[2]  The Equity Agreement is also referred to as the Incentive Unit Grant Agreement. (PTX-3). The Equity Agreement is expressly incorporated by reference into the Employment Agreement between the parties dated June 10, 2021. (D.I. 143 at 2, n.1).

On May 9, 2024, Vaughn filed the instant motion, requesting an award of $288,680 in attorney's fees and $28,728.45 in costs³ to be paid by Plaintiffs. (D.I. 143 at 10). The basis for the request is what Vaughn asserts is an applicable fee-shifting provision. The motion has been fully briefed. (D.I. 143, 144, 145).

## II.  LEGAL STANDARD

"Under the American Rule and Delaware law, litigants are normally responsible for paying their own litigation costs."⁴ *Mahani v. Edix Media Grp., Inc.*, 935 A.2d 242, 245 (Del. 2007). One exception to this rule, however, may occur in litigation arising from contracts containing fee-shifting provisions. *Id.* A court may award a prevailing party its reasonable costs and fees in connection with litigating a contract dispute when the contract includes such a provision. *Id.* "The fee-shifting provision must be a clear and unequivocal agreement in connection with a dispute between parties involving a failure to fulfill obligations under the contract." *SARN Energy LLC v. Tatra Defence Vehicle A.S.*, C.A. No. N17C-06-355 EMD CCLD, 2019 WL 6525256 at *1 (Del. Super. Ct. Oct. 31, 2019). Delaware courts "observe[]" specific language "with particular obedience in interpreting cost-shifting provisions between litigants, so that first-party cost shifting does not swallow the American Rule." *Murfey v. WHC Ventures, LLC*, 2022 WL 214741, at *2 (Del. Ch. Jan. 25, 2022). "Because we require a clear and unequivocal agreement evidencing a fee-shifting provision, [p]arties should not expect the Court to deviate from the American [R]ule

---

³  Defendant seeks recovery of her litigation-related costs in connection with this matter, and requests that the award "should not be limited to the normal Bill of Costs that are routinely taxable by the clerk in favor of the prevailing party as a matter of course in every case pursuant to 28 U.S.C. § 1920," and Local Rule 51.1. (D.I. 143 at 9). Defendant argues that the Equity Agreement allows for recovery of costs beyond the Bill of Costs. (*Id*.). Thus, the arguments supporting her request for costs are the same as those supporting her request for fees.

⁴  As explained in the Memorandum Opinion, (D.I. 139 at 18), Delaware law governs this dispute.

2

if care has not been taken in drafting a contract's language." *Donnelly v. ProPharma Grp. Topco, LLC*, No. CV 21-894-MAK, 2023 WL 5528613, at *4 (D. Del. Aug. 28, 2023) (internal citations and quotation marks omitted).

### III. DISCUSSION

#### A. Local Rule 7.1.1

Plaintiffs assert that Vaughn's failure to include a statement and meet and confer with AMT's counsel prior to filing her motion runs afoul of Local Rule 7.1.1. Consequently, Plaintiffs argue, this Court should deny Vaughn's motion. (D.I. 144 at 2). Local Rule 7.1.1, however, applies to non-dispositive motions. Posttrial motions for attorneys' fees are treated as dispositive.[5] Therefore, Local Rule 7.1.1 does not preclude the filing of the instant motion.

#### B. The Attorneys' Fees Provision of the Contract

The American Rule sets a norm – parties are responsible for paying their litigation costs. As outlined above, there are exceptions, but none of those exceptions exists here. The Agreement delineates remedies available to the parties. Section 13(g) of the Agreement states:

> Each of the parties to this Agreement (and each of the Investors as third-party beneficiaries of Section 3) will be entitled to enforce its rights under this Agreement specifically, to recover damages and costs (including attorney's fees) caused by any breach of any provision of this Agreement and to exercise all other rights existing in its favor. (D.I. 144 at 2).

---

[5] *See In re Kerydin (Tavaborole) Topical Sol. 5% Pat. Litig. v. Lupin Ltd.*, No. 18-1606-RGA, 2021 WL 5168580, at *4 n. 1 (D. Del. June 23, 2021) ("Posttrial motions for attorney fees are treated as dispositive motions"); *Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, No. CV 07-127-LPS-MPT, 2017 WL 962760 at *5 (D. Del. Mar. 13, 2017) (citing 12 Fed. Prac. & Proc. Civ. § 3068.2 (3d ed.)) ("[I]t would seem that posttrial awards of attorneys' fees, where authorized by a statute or pursuant to an agreement, represent a claim for relief. Accordingly, . . . they should be considered dispositive, a categorization confirmed by the 1993 adoption of Rule 54(d)(2)(D)."); *INTERACTIVE GAMES LLC v. DRAFTKINGS, INC.*, No. CV 19-1105-RGA, 2024 WL 4606077, at *2 (D. Del. Oct. 29, 2024) ("Local Rule 7.1.1 does not apply to this motion because post-trial motions for attorneys' fees are "dispositive" motions for the purpose of Rule 7.1.1.").

3

Defendant argues that "[t]he plain language of Section 13(g) of the Agreement allows 'each of the parties' (i.e., the prevailing party in litigation over the Agreement) 'to recover damages and costs (including attorney's fees) caused by any breach of any provision of this Agreement and to exercise all other rights existing in its favor.'" (D.I. 145 at 2). Here, however, there was no breach by either party. This Court found one of the three provisions at issue unenforceable and no breach of the other two provisions by the Defendant. *See Gordian Medical, Inc. v. Vaughn*, No. CV 22-319 (MN), 2024 WL 1344481 (D. Del. Mar. 30, 2024). Perhaps recognizing this, Defendant adds language that is not in the Agreement, "*i.e.*, the prevailing party in litigation," in making her argument that Section 13(g) is a broader fee-shifting provision that applies in the absence of a breach.

"A fee-shifting provision [, however,] must be a clear and unequivocal agreement triggered by a dispute over a party's failure to fulfill obligations under the contract." *See Braga Inv. & Advisory, LLC v. Yenni*, 2023 WL 3736879 at *18 (Del. Ch. May 31, 2023) (internal quotation marks and citations omitted). Although the words "prevailing party" are not required, a contract must include specific language making clear that fee-shifting is generally being contemplated. *Donnelly*, 2023 WL 5528613 at *3. For example, fee-shifting has been found where an agreement contained a provision expressly requiring indemnification for all loss, damage, expense or costs including attorney's fees arising out of enforcing the agreement. *See Mahani*, 935 A.2d at 244.

Defendant argues that the Agreement's phrase "and to exercise all other rights existing *in its favor*" (D.I. 144 at 2) (emphasis added) is "clearly and unequivocally a prevailing party provision, even though no 'magic words' were used."[6] (D.I. 145 at 5). The Court disagrees. The

---

[6] Defendant's own interpretation of the contract language has been inconsistent. In one filing, Defendant argues that it is the "each of the parties" language that should be construed as prevailing party language, (D.I. 145 at 2), and, in another, that it should be "rights

4

Agreement here resembles the one in *Donnelly*, which stated: "The parties . . . shall be entitled to enforce their rights under this Agreement specifically, to recover damages and costs (including attorney's fees) by reason of any breach of any provision of this Agreement, and to exercise all other rights existing in their favor." *Donnelly,* 2023 WL 5528613 at *1. The Court in *Donnelly* concluded that the provision was "not a clear and unequivocal agreement to shift fees." *Id.* at 7. Vaughn posits that *Donnelly* is distinguishable because the defendant company that sought to recover attorney's fees did not claim breach of contract or seek costs. (D.I. 145 at 4; *Donnelly*, 2023 WL 5528613 at 1). By contrast, Vaughn argues, she "sought declaratory judgment that the non-compete provisions of the Employment Agreement and the Incentive Unit Grant Agreement were overly broad and unenforceable as a matter of law, and she expressly requested attorneys' fees and costs as part of her requested relief." (D.I. 145 at 4). Unenforceability and breach, however, are not one and the same. And the Agreement language contemplates fees when a breach has occurred. (D.I. 144 at 2). Further, *Donnelly* is relevant for the Court's interpretation of the contract language at issue – not for examining whatever relief the defendant sought.

Additionally, Delaware courts "observe[]" specific language "with particular obedience in interpreting cost-shifting provisions between litigants, so that first-party cost shifting does not swallow the American Rule." *Murfey*, 2022 WL 214741, at *2. Thus, "[p]arties should not expect the Court to deviate from the American [R]ule if care has not been taken in drafting a contract's language." *Baltimore Pile Driving and Marine Constr., Inc.*, 2022 WL 3466066 at *1 (cleaned up). Here, as in *Donnelly*, "we are left with no definitive language confirming [Plaintiff] agreed to being potentially responsible for fee-shifting unless [Defendant] sued and won a claim for [it]

---

existing in its favor," (D.I. 144 at 2). Neither phrase is an unambiguous indication of a fee-shifting agreement, and Defendant's varied arguments work to confuddle rather than clarify.

breaching an obligation in the Agreement." *Donnelly*, 2023 WL 5528613 at *3. The Court will not rewrite the language of this contract to apply to circumstances that the parties chose not to address.

## IV. CONCLUSION

For the foregoing reasons, Defendant Vaughn's Motion for Attorneys' Fees, Costs, and Post-Judgment Interest will be DENIED. An appropriate order follows.